## UNITED STATES v. SEIBERLING RUBBER CO.
### No. 11733.

United States Court of Appeals
Sixth Circuit.

Oct. 23, 1953.

Carolyn R. Just, Washington, D. C., H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, Washington, D. C., John J. Kane, Jr., U. S. Atty., Cleveland, Ohio, on brief, for appellant.

Robert Guinther, Akron, Ohio, Slabaugh, Guinther & Pflueger, Akron, Ohio, M. R. Schlesinger, Grossman, Schlesinger & Carter, Cleveland, Ohio, on brief, for appellee.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This cause has been heard on the oral arguments and the briefs of the attorneys for the parties and on the record in the case: all of which, having been duly considered, leads to the conclusion that the judgment of the district court was correct on the basis of the discussion in the memorandum opinion of the district judge.

We think that, on the record in the case, the district judge was correct in finding from the evidence that the appellee corporation was in troublesome financial condition in 1937 and 1938, its debentures being in default, its being liable for the debts of several wholly-owned and affiliated or associated companies, the banks having their representatives on its board of directors to the extent that it was actually "in the hands of the banks," so that the taxpayer's financial condition at the beginning of the tax year in question was such that no dividends could have been paid lawfully under controlling law—that of Delaware. See Jones v. First National Building Corporation, 10 Cir., 155 F.2d 815. There being a deficit in "accumulated earnings," no dividends could be paid lawfully under Delaware law.

As was reasoned by the district judge, inasmuch as the appellee taxpayer was a deficit corporation under Delaware law at the close of the preceding taxable year, that is, on October 31, 1937, and in consequence was prohibited by Delaware law from paying dividends during the existence of such deficit and by the provisions of its corporate charter, the appellee was entitled to recovery or refund of undistributed profits tax which it had paid on account of its fiscal year ending October 31, 1938.

Accordingly, the judgment of the district court is affirmed.