HARRY WEINBERG, on behalf of himself and all other stockholders of Baltimore Brick Company similarly situated,

*vs.*

BALTIMORE BRICK COMPANY, a body corporate of the State of Delaware, LOUIS S. ZIMMERMAN, GEORGE C. WAREHIME, JR., JESSE SLINGLUFF, SR., JESSE SLINGLUFF, JR., WILLIAM O'MEARA, JOSEPH A. BROWN, HALL HAMMOND, and C. GORDON PITT.

*New Castle, September 28, 1954.*

*Thomas M. Keith* and *Leighton Dorsey,* Wilmington, and *Raphael Walter* and *Lawrence I. Weisman,* of Nyburg, Goldman & Walter, Baltimore, Md., for plaintiff.

*Henry M. Canby,* of Richards, Layton & Finger, Wilmington, and *William L. Marbury,* of Piper & Marbury, Baltimore, Md., for defendants Baltimore Brick Company, George C. Warehime, Jr., Jesse Slingluff, Jr., William O'Meara and Joseph A. Brown.

MARVEL, Vice Chancellor: Plaintiff, the owner of 4,540 shares of common stock of the defendant corporation out of 6,656 such shares outstanding, brings this derivative action to enjoin the corporate defendant from declaring dividends on its first preferred cumulative stock until an alleged impairment of capital had been corrected. Plaintiff is one of three minority common stock directors, there being six preferred directors. Two other common stockholders have recently been permitted to intervene and have filed complaints similar to plaintiffs to which responsive pleadings are not yet due. Other relief sought by plaintiff and interveners has to do with the revision of defendant's accounting practices and the attempted recoupment of earlier dividends, but the matter now to be decided is whether the corporate defendant can continue to declare current dividends on its first preferred stock. The next regular meeting of directors for such purpose is to be held Wednesday, September 29.

The answers of the corporate defendant and of four of the individual defendants, who have appeared, concede that dividends on the first preferred stock of the corporation have been declared as recently as June 30, 1954, but deny that the corporate defendant lacks net earnings, that its capital is impaired, or that the payment of dividends would violate *Sec. 170 of Title 8 Delaware Code 1953.*

It is conceded by plaintiff that corporate earnings for the current or preceding fiscal year are sufficient for preferred dividends and that the capital of the corporation is sufficient to redeem the preferred stock, but plaintiff insists that the statute and the corporate charter do not permit the payment of dividends from current earnings when capital is impaired.

On July 22, the Chancellor declined to restrain the payment of preferred dividends declared by the directors on June 30, 1954, but enjoined the corporate defendant from declaring or paying additional dividends until further order of the court. Thus, the matter of future

dividends comes on for decision on the return of the rule issued by the Chancellor directing the corporate defendant to show cause why a preliminary injunction should not issue banning payment of preferred dividends. Plaintiff specifically charges that the figure of $1,781,215.43 carried in the statement of the corporate defendant in a land and plant account is incorrect because of sales of land, the abandonment of brick kilns, buildings and equipment used in defendant's business of manufacturing bricks, with no corresponding reduction in the account. Plaintiff claims that this account as of March 31, 1954 was grossly overstated and that accordingly, instead of having an earned surplus as of that date in the stated amount of $694,084.86, the corporation had a substantial deficit. Defendant argues in reply that substantial good will was included in the original setting up of defendant's corporate books some fifty years ago, and that such books, while set up and kept in a manner now considered archaic, disclose an earned surplus. The defendant further claims that a recent appraisal of its property supports the conclusion of its books; that plaintiff cannot be heard to complain of matters in which he participated or acquiesced for a substantial time as a director and that as a common stockholder plaintiff is not injured by the payment of preferred dividends because of a charter provision allegedly governing the payment of accumulated dividends to preferred stockholders on dissolution. Defendant also argues that as a matter of law, *Sec.* 170 of the *Delaware Law* authorizes the payment of current dividends under the agreed facts.

At this preliminary stage, the court has before it the pleadings, opposing affidavits, briefs on the motion and argument of counsel.

In the court's opinion, it is unnecessary to review the accounting background of this company, which has been in business as a Delaware corporation since 1902, and to resolve the conflicting sworn contentions on the availability of net profits as a source for dividends or to consider defendant's other defenses, in view of the court's legal conclusion on the operation of present *Sec.* 170 of the *Delaware Law* on the agreed facts.

Paragraph 4 of the corporate charter of Baltimore Brick Company (ex. A. to the complaint) provides in part:

"Said first preferred stock shall entitle the holder to receive each year, out of the net earnings of the company, a fixed yearly dividend of five per centum (5%) * * *".

At the time of filing of defendant's charter (1902) the Delaware statute having to do with the source of funds for the payment of dividends, *Sec. 35 of Chapter 167, 22 Laws of Delaware,* provided:

"No corporation created under the provisions of this Act, nor the directors thereof, shall make dividends except from the surplus or net profits arising from its business."

In the case of *Wittenberg v. Federal Mining & Smelting Co.,* 1926, 15 *Del.Ch.* 147, 133 *A.* 48, the Chancellor construing this section together with *Sec.* 34 of the same chapter concluded that "net profits" as used in the statute meant those derived from the entire business of the corporation from its inception and were not synonymous with annual profits. The Chancellor did not decide whether or not the terms "net profits" and "surplus" were synonymous as he concluded that there were no net profits, and definitely no separate fund created from a source other than profits such as through the sale of stock at a premium.[1]

In 1927 and 1929, the Delaware Legislature amended *Secs.* 34 *and* 35 *of the Delaware Corporation Law,* the relevant parts of which now appear as *Sec.* 170 *of Title* 8, *Delaware Code* 1953. These amendments authorized corporate directors to pay dividends not only out of net assets in excess of capital, but in the absence of such excess out of net profits for the current or preceding fiscal year, thereby giving the directors a freer hand in passing on earnings to stockholders.

1. Surplus has been defined as the excess of net assets over stated capital, 48 *Harvard Law Review at p.* 1337 and as indicated by the Chancellor in the *Wittenberg* case, it has been logically contended that the terms "net profits" and "surplus" are synonymous, *Goodnow v. American Writing Paper Co.,* 73 *N.J.Eq.* 692, 69 *A.* 1014, *Public Laws N.J.* 1896, *p.* 277, *N.J.S.A.* 14:1-1, *et seq.*

The new statute forbids the payment of dividends out of net profits if the capital of the corporation shall have been diminished to an amount less than the aggregate amount of capital represented by the issued and outstanding stock having a preference on distribution of assets until the deficiency shall have been repaired.

The *Delaware Corporation Law,* as originally enacted in 1899, contained in *Sec. 5 of Chap. 273, Vol.* 21 *Laws of Delaware,* a provision that:

> "* * * this Act and all amendments thereof shall be a part of the charter of every such corporation except so far as the same are inapplicable and inappropriate to the objects of such corporation."

■■ This provision, which has been a part of the law during the intervening years, now appears as part of *Sec.* 364 of *Title* 8 and has been liberally interpreted by this court in the cases of *Davis v. Louisville Gas & Electric Co.,* 16 *Del.Ch.* 157, 142 *A.* 654, and *Gow v. Consolidated Coppermines Corp.,* 19 *Del.Ch.* 172, 165 *A.* 136. There would appear to be no valid reason why it should not be so applied in the case at bar. Buyers of stock of Delaware corporations become stockholders with actual or imputed knowledge that the Corporation Law may be changed, and the corporate charter thereby amended subject to the limitation that rights must be protected. By appropriate language in a charter, however, a corporation may deny to itself action permitted by the Delaware law. *Sec.* 170 permits directors to pay dividends from a corporation's current earnings, "subject to any restrictions contained in its certificate of incorporation".

Is such a restriction found in the charter of Baltimore Brick Company? There is no language in the charter affirmatively denying to the directors the right to pay dividends out of current earnings despite a capital impairment, although by charter amendment such a restriction could have been adopted by appropriate corporate action at any time after the 1927 and 1929 amendments to the law. The charter speaks of the payment of dividends out of "net earnings", a term probably intended to be synonymous with the language of the statute then in force. Certainly the term can not be considered re-

strictive as of the time it was incorporated into the charter, and in using the word "earnings" the incorporators perhaps employed language broader than that of the statute, *U. S. v. Riely,* (4 *Cir.*) 169 *F.2d* 542.

The case of *Jones v. First National Building Corporation,* (10 *Cir.*) 155 *F.2d* 815, cited by plaintiff on this point, is the suit of a Delaware corporation, organized in 1930, for the refund of undistributed profits taxes on the theory that the payment of dividends by an admitted deficit corporation is unlawful under the terms of the Delaware statute and a restrictive corporate charter. The difference between the cited case and the one at bar is that in the *Jones* case the incorporators chose by specific language to restrict dividends to payment from surplus at a time when the Delaware law permitted greater liberality in the payment of dividends. The case of *Seiberling Rubber Co. v. U. S., (D.C.Ohio)* 115 *F.Supp.* 798, affirmed (6 *Cir.*) 207 *F.2d* 585, another undistributed profits tax case, merely adopts the conclusions of the *Jones* case and does not disclose a full understanding of the Delaware Corporation Law.

The only Delaware Judge who has expressed an opinion on the specific point at issue is Chief Judge Paul Leahy in *Barrett v. Denver Tramway Corporation, (D.C.Del.)* 53 *F.Supp.* 198, a case involving the fairness of a plan for the reclassification of stock. Plaintiffs contended that one of the inequities of the plan was that although the corporation had a capital deficit, nevertheless it could pay dividends on the old stock out of current earnings. Although plaintiffs failed to sustain their charge of bad faith or gross unfairness of the plan, the court agreed that plaintiffs were correct in their argument that management could have paid dividends out of earnings, stating in footnote No. 2 *at page* 199 *of* 53 *F.Supp.*:

> "Plaintiffs argue that defendant has the right to pay current dividends even in the face of an impairement of capital by virtue of Sec. 34 of the Delaware Corporation Law and, thus, the present plan is wholly unnecessary; or, in any event, if there exists an impediment in defendant's charter an amendment may be had under Sec. 26 to wipe out such provisions in order to

take advantage of Sec. 34. I agree. Defendant's charter provision covering payment of dividends is merely an incorporation of the then (circa 1925) existing statutory provision, and is not a restriction within the meaning of Sec. 34 as amended. It is clear under the Delaware cases that statutory amendments are to be read into corporate charters, Davis v. Louisville Gas & Electric Co., 16 Del.Ch. 157, 142 A. 654; Gow v. Consolidated Coppermines Corp., 19 Del.Ch. 172, 173, 165 A. 136, and that Sec. 34 as amended liberalized the power to pay dividends. The second time Wittenberg v. Federal Mining & Smelting Co., 15 Del.Ch. 351, 138 A. 352, came before the Delaware chancery court a similar argument was made and conceded to be sound."

Judge Leahy's analysis of the Delaware law as to sources of dividends under the present law, while dictum, is persuasive and in line with the reasoning of Delaware Chancery cases on the reserved right of the Legislature to amend the Corporation Law. By charter amendment under *Sec.* 242 of the law, a way to restrict the payment of dividends is available.

In view of the concession that corporate earnings are sufficient for current preferred dividends and that capital assets are sufficient to pay preferred stockholders in full on distribution of assets, it is the conclusion of the court that as a matter of law the payment of dividends by the corporate defendant should not now be enjoined, and plaintiff's motion is denied. In the court's opinion, there is no probability of success by the plaintiff on final hearing. The failure to enjoin current dividends on cumulative preferred stock will not work irreparable injury to plaintiff and other common stockholders. *Sandler v. Schenley Industries Inc.,* 32 *Del.Ch.* 46, 79 *A.2d* 606. The temporary restraining order will be dissolved. An order in conformity with this opinion may be submitted.